UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **DON CARLOS WILLIS** | **CIVIL ACTION NO. 09-2126-P** |
| **VERSUS** | **JUDGE STAGG** |
| **WARDEN BATSON, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Don Carlos Willis ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on December 8, 2009. Plaintiff is currently incarcerated at the David Wade Correctional Center, but complains his civil rights were violated by prison officials while incarcerated at the Forcht Wade Correctional Center in Keithville, Louisiana. He names Warden Batson, the Forcht Wade Correctional Center Medical Staff, and Major Toliver as defendants.

Plaintiff claims he arrived at Forcht Wade Correctional Center on June 26, 2009. He claims he is disabled. He claims he was placed in the infirmary and his crutches were taken from him, but admits he was given a wheelchair. He claims nurse Sherri Shaw informed him that crutches were not allowed in the infirmary. He claims staff members alleged they

did not know where his crutches were even though he saw other inmates using them. Plaintiff claims he found his crutches against a wall. He claims he was also not allowed to use his crutches while in lock-down but admits he had a wheelchair.

Plaintiff claims he was not served a diabetic diet. He claims that as a result he suffered vision loss and at times his blood sugar was over 500. Plaintiff also claims he was not given daily blood pressure checks.

Plaintiff claims he has had 29 surgeries and needs another back operation. He claims he was denied access to a hospital. He claims he was forced to suffer without his medications. Specifically, he claims he was denied medication for chronic pain. He claims his medications were stopped, altered, and changed. Plaintiff claims he informed the medical staff that prior to his incarceration, his doctors had prescribed Vicodin H/P four times a day, Kolonpin twice a day, and Soma three times a day for his chronic pain. He claims the medical staff failed to call his doctors regarding his previously prescribed medications. Plaintiff claims his life was endangered because he did not have daily blood pressure checks and a diabetic diet.

Plaintiff claims he had a boil. He claims nothing was done for his condition until August 3, 2009. He claims he fractured his foot and was not allowed to go to the hospital.

Plaintiff claims the mail room employees read his outgoing mail to his family. He claims the employees returned his outgoing mail to his family to him if it was sealed. He claims he was denied access to the law library to use the typewriter and copy machine.

Plaintiff claims the facility was overcrowded. He claims that after one week in the

infirmary, he was moved to lock-down for non-disciplinary reasons. He claims there were limitations placed on what he could receive from the canteen.

As relief, Plaintiff seeks monetary compensation.

## LAW AND ANALYSIS

**Medical Care**

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84.

A delay in medical care will violate the Eight Amendment on if the delay is based on deliberate indifference and results in substantial harm. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Plaintiff admits he was housed in the infirmary for a week when he first arrived at the Forcht Wade Correctional Center. He further admits he was allowed to use a wheelchair while in the infirmary and lock-down. He claims he should have been allowed to use his crutches instead of a wheelchair. He further claims his previously prescribed medications for chronic pain should have been continued. In Stewart v. Murphy, 174 F.3d 530, 535 (5th Cir.1999), the Fifth Circuit found that the failure of a prison doctor to follow the recommendations of an outside treating physician did not present a material fact issue for deliberate indifference. Rather, it indicated that the doctors had differing opinions as to

the appropriate method of treatment under the circumstances. Therefore, the medical staff at Forcht Wade Correctional Center was under no obligation to follow the recommendations of the non-prison physician. In addition, Plaintiff does not allege that the delay in receiving treatment for his boil resulted in any harm.

Plaintiff also claims he should have been served a diabetic diet and his blood pressure should have been checked daily. He also claims he should have been transported to the hospital for back surgery and after he fractured his foot. As previously discussed, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v.

Foti, 958 F.2d. 91 (5th Cir. 1992). Accordingly, Plaintiff's medical claims should be dismissed with prejudice as frivolous.

**Mail**

"A prison official's interference with a prisoner's legal mail may violate the prisoner's constitutional right of access to the courts. Additionally, such interference may violate the prisoner's First Amendment right to free speech--i.e., the right to be free from unjustified governmental interference with communication." Brewer v. Wilkinson, 3 F.3d 816, 820, (5th Cir. 1993), cert. denied, 510 U.S. 1123, 114 S.Ct. 1081, 127 L.Ed 2d 39 (1994). In determining the constitutional validity of prison practices that impinge upon a prisoner's rights with respect to mail, the appropriate inquiry is whether the practice is reasonably related to a legitimate penological interest. Brewer, 3 F.3d at 824.

The Fifth Circuit has held prison authorities may open a prisoner's mail for inspection in order to prevent the sending of contraband. Jackson v. Cain, 864 F.2d 1235, 1244 (5th Cir. 1989) citing Guajardo v. Estelle, 580 F.2d 748, 759 (5th Cir. 1978). The Fifth Circuit has also held that prisoners have the right to be free from "arbitrary censorship" of their outgoing mail. Brewer, 3 F.3d at 826. However, "freedom from censorship is not equivalent to freedom from inspection or perusal." Wolff v. McDonnell, 418 U.S. 539, 576, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

Plaintiff complains only that his outgoing mail was read outside his presence and returned to him if sealed. Plaintiff does not claim that the outgoing mail concerned a legal matter or that it was privileged in any way. In fact he states that it was to family members.

Page 6 of 15

Courts have routinely held that prison authorities do not violate a prisoner's constitutional rights by reading his outgoing non-privileged mail. See Busby v. Dretke, 359 F.3d 708, 721 (5th Cir.2004); Gassler v. Wood, 14 F.3d 406, 408 n. 5 (8th Cir.1994); Stow v. Grimaldi, 993 F.2d 1002, 1004-05 (1st Cir.1993); United States v. Whalen, 940 F.2d 1027, 1035 (7th Cir.) cert. denied, 502 U.S. 951, 112 S.Ct. 403, 116 L.Ed.2d 352 (1991); United States v. Kelton, 791 F.2d 101, 103 (8th Cir.), cert. denied, 479 U.S. 989, 107 S.Ct. 583, 93 L.Ed.2d 586 (1986)); See also Altizer v. Deeds, 191 F.3d 540, 547-48 (4th Cir.1999). Accordingly, Plaintiff's mail claims should be dismissed with prejudice as frivolous.

 **Access to the Courts Claims**

Plaintiff claims prison officials denied his requests to access the law library to use the typewriter and copy machine. Prisoners have a constitutional right of meaningful access to the courts. Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir.1996) (quoting Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977)). However, this constitutional guarantee is not without limitation. Lewis v. Casey, 518 U.S. 343 (1996) (quoting Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261-62, 96 L.Ed.2d 64 (1987)). In Lewis v. Casey, 518 U.S. 343, (1996), the Supreme Court reviewed its holding in Bounds v. Smith, 430 U.S. 817, (1977) which is the source of a prisoner's constitutional right to "meaningful access to the courts." While the Supreme Court reaffirmed a prisoner's right of access to the courts in Lewis, the Court limited the parameters of Bounds and set forth a standard to be applied when determining whether to grant relief for an access to the courts violation. In so holding, the Court noted that a prisoner must show an actual injury,

explaining that this requirement is derived from the doctrine of standing. Lewis, 116 S.Ct. at 2179. The Court used the analogy of a prisoner who is denied access to that of a healthy prisoner who has been deprived of medical treatment. In both cases, neither the access deprived prisoner nor the healthy prisoner have sustained constitutional injury, and thus, are not entitled to relief under Section 1983. The Court emphasized that the court's role is to provide relief to claimants who have suffered actual harm, not to interfere with the management of prisons.

Accordingly, the Fifth Circuit has held that a prisoner cannot prevail on an access to the courts claim without proving an actual injury in non-frivolous litigation as a result of the defendant's alleged unconstitutional conduct. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999).

Application of the actual injury requirement to the instant case supports a finding that Plaintiff's claims are frivolous. Clearly, Plaintiff has not satisfied the "actual injury" requirement. Plaintiff has failed to demonstrate that he lost the right to commence, prosecute or appeal any suit as a result of the alleged denial of access to the law library. Furthermore, Plaintiff's complaint in this court reveals on its face that he was able to clearly present his claims to this court. Thus, he has failed to state any actual injury. Accordingly, Plaintiff's claims regarding the denial of access to the court should be dismissed with prejudice as frivolous.

**Segregation**

Plaintiff claims he was placed in lock-down for non-disciplinary reasons. That is not a claim this court can resolve. Federal courts should not, under the guise of enforcing constitutional standards, assume the superintendence of state prison administration. See Jones v. Diamond, 636 F.2d 1364, 1368 (5th Cir. 1981) (en banc) (overruled on other grounds). Thus, this court accords state prison administrators wide-ranging deference to adopt and to execute policies and practices that are needed to maintain and preserve order, discipline and security in prison. See Bell v. Wolfish, 441 U.S. 520, 547 (1979).

The classification of prisoners is such a practice that is left to the discretion of prison officials. See McCord v. Maggio, 910 F.2d 1248, 1250 (5th Cir. 1990). "It is well settled that '[p]rison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status'." McCord, 910 F.2d at 1250 (quoting Wilkerson v. Maggio, 703 F.2d 909 (5th Cir. 1983)).

In Louisiana, the classification of prisoners is the duty of the Department of Corrections and an inmate, such as Plaintiff, has no right to a particular classification. In addition, "speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests." Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (citing Meachum v. Fano, 427 U.S. 215, 299 n.8, 96 S. Ct. 2532, 2540 n.8 (1976)). Thus, the prison officials' decision to place Plaintiff in lock-down and the resulting consequences of such decision do not give rise to constitutionally protected liberty interests.

Accordingly, Plaintiff's claims with respect to his classification are frivolous and they should be dismissed with prejudice as frivolous.

**Overcrowding**

Plaintiff claims the facility was overcrowded. A section 1983 plaintiff has long been required to plead his case with "factual detail and particularity," not mere conclusory allegations. Elliot v. Perez, 751 F.2d 1472, 1473 (5th Cir. 1985); Hale v. Harney, 786 F.2d 688 (5th Cir. 1986). The Supreme Court has abolished this heightened pleading standard for claims against municipalities, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993), but the requirement remains firmly in place for claims against individual public officials. See Schultea v. Wood, 47 F.3d 1427 (5th Cir.1995) (en banc).

Plaintiff has named individual prison officials as defendants and is therefore required to give factual details regarding his alleged constitutional rights violations. Plaintiff has failed to do so. Accordingly, Plaintiff's overcrowding claims should be dismissed for failure to state a claim on which relief may be granted.

**Canteen Limitations**

Plaintiff claims limitations were placed on what he could receive from the canteen. Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement

ensuring that inmates receive adequate food, clothing, shelter and medical care and must take reasonable measures to guarantee safety of inmates.  See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991).  First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324.  "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)).  Furthermore, this court should consider the duration and the totality of the specific circumstances that constituted the conditions of Plaintiff's confinement.  Palmer v. Johnson, 193 F.3d 346 (5th Cir. 1999).  Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979.  In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of, and disregarding, an excessive risk to inmate health or safety.  See id., 114 S. Ct. at 1979.

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding that the Defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities. See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324.  Plaintiff complains limitations were placed on what he could receive from the canteen.  This court finds that the facts alleged do not support a finding that the Defendants' conduct was sufficiently harmful

enough to deprive him of life's basic necessities.  See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324.  The court does not consider the deprivation alleged to be sufficiently serious. Denial of particular commissary items cannot be deemed an "extreme deprivation." Furthermore, the denial of full commissary privileges has repeatedly been found not to violate the Eighth Amendment. Ward v. Oliver, 19 F.3d 1436 (7th Cir.1994).  Thus, Plaintiff's claim has failed to satisfy the first requirement of an Eighth Amendment claim.

Accordingly, Plaintiff's conditions of confinement claims lack an arguable basis in law and should be dismissed with prejudice as frivolous.

**Property**

Plaintiff claims prison officials took his crutches.  As previously stated, Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities secured by the Constitution or laws of the United States" by a person acting under color of state law.  Accordingly, the initial inquiry and threshold concern of the reviewing court is whether Plaintiff's constitutional rights have been violated.  See Parratt v. Taylor, 451 U.S. 527, 107 S. Ct. 1908 (1981).

The property of which Plaintiff was allegedly deprived can constitute "property" within the meaning of the Due Process Clause of the Fourteenth Amendment and its loss is worthy of redress if the loss implicates constitutional rights.  See id. at 542, 107 S. Ct. at 1916.  However, the Fourteenth Amendment is not a font of tort law to be superimposed upon whatever systems may already be administered by the States. See Baker v. McCollan,

433 U.S. 137, 99 S. Ct. 2689 (1979). A constitutional deprivation of property without due process of law, as differentiated from a state tort law claim, must be intentional and plaintiff must allege specific facts which support such a conclusion.

Absent an intentional deprivation of property where the charge only supports a negligent failure by defendants, a constitutional deprivation does not lie. "[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property." Daniels v. Williams, 474 U.S. 327, 328, 106 S. Ct. 662, 663 (1986). Moreover, even in instances where intentional deprivation occurs where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. See Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204 (1984), on remand, 744 F.2d 22 (4th Cir. 1984); Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984). Mere assertions of intentionality are not enough in the absence of specific facts supporting the assertions and "even if the taking were intentional, the state could afford the [plaintiff] due process by providing a post-deprivation remedy for the redress of the unforeseeable, unauthorized injury... alleged." Lewis v. Woods, 848 F.2d 649, 652 (5th Cir. 1988).

Louisiana law provides Plaintiff the opportunity to seek redress for his loss, whether intentional or negligent. See La. Civ. Code art. 2315. Accordingly, Plaintiff has failed to state a claim cognizable under Section 1983.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 26th day of December 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE